IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| DeMarcus Haile and Shon Blackwell, individually, and on behalf of all of those similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Vivint, Inc.<br><br>Defendant. | Civil Action No. 3:16cv873HTW-LRA |

## COMPLAINT

COME NOW the Plaintiffs and prospective Class Representatives, under Federal Rule of Civil Procedure 23, DeMarcus Haile and Shon Blackwell, on behalf of themselves and all of those similarly situation, who files suit against the above-named Defendant, and plead as follows:

*JURY TRIAL DEMANDED*

### PARTIES

1. The first-named Plaintiff, DeMarcus Haile ("Haile") is an adult resident of Hinds County, Mississippi, and former employee of the Defendant, Vivint, Inc. Haile may be served through his counsel in this matter.

2. The second-named Plaintiff, Shon Blackwell ("Blackwell") is an adult resident of Lincoln County, Mississippi, and former employee of the Defendant, Vivint, Inc. Blackwell may be served through his counsel in this matter.

3. The Defendant, Vivint, Inc. ("Vivint"), is a Utah-based corporation, registered as a foreign company licensed to do business in the state of Mississippi, with its principal place of business located in Provo, Utah. Vivint may be served with process through its registered agent with the Mississippi Secretary of State's Office: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction over the claims made in this Complaint based upon the complete diversity of state-citizenship of the parties to this litigation. Complete diversity exists between the parties of this action, and the claims of the Plaintiffs, not counting the potential claims of the proposed Rule 23 Class, exceed $75,000.00.

5. Further, this Court possesses federal question subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the Fair Labor Standards Act. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

6. This Court possesses personal jurisdiction over each of the Defendants in this action based upon their substantial and purposeful contacts with Mississippi, the forum state.

7. Venue for this dispute, among other potentially-permissible venues, properly lies with this Court, as this litigation involves substantial alleged acts or omissions which occurred in the Jackson, Mississippi metropolitan area (among other locations, presumably),

located within judicial district of the United States District Court for the Southern District of Mississippi.

## REQUEST FOR CLASS CERTIFICATION UNDER FEDFERAL RULE OF CIVIL PROCEDURE 23

8. The Plaintiffs, on behalf of those similarly-situated, seek certification as the class representatives for a class action lawsuit, under Rule 23 of the Federal Rules of Civil Procedure.

9. The class sought to be certified under Rule 23 of the Federal Rules of Civil Procedure, with the Plaintiffs as the class representatives, is all of those current and former Vivint employees who have been victimized by the deceptive, intentional, fraudulent, unconscionable, and dishonest (and/or grossly-negligent) practice of Vivint of being promised a raise in hourly-pay (typically, $1 per hour) upon the completion of employee "field training" and who, then, did not receive this pay-increase. Further, a second, separate class sought to be certified under Rule 23 of the Federal Rules of Civil Procedure in this litigation, with the Plaintiffs as the class representatives, is all of those former Vivint employees who have been wrongly terminated (typically for fabricated, pretextual reasons) by Vivint out of retaliation for seeking the back-pay owed by Vivint for the raises promised, but never actually given.

10. The Plaintiffs, as the prospective class representatives, and the prospective members of this/these class(es), under Federal Rule of Civil Procedure 23, have shared similar injuries, and have suffered from similar forms of financial injury as a sole and proximate result of the deceptive, intentional, fraudulent, unconscionable, and dishonest

(and/or grossly-negligent) practice of Vivint of being falsely-promised a raise in hourly-pay (typically, $1 per hour) upon the completion of employee "field training.

11. Further, the Plaintiffs, as the prospective class representatives, and the prospective members of this/these class(es), under Federal Rule of Civil Procedure 23, have shared similar injuries, and have suffered from similar forms of financial injury as those former Vivint employees who have, likewise, been wrongly-terminated (typically for fabricated, pretextual reasons) by Vivint out of retaliation for seeking the back-pay owed by Vivint for the raises promised, but never actually given.

12. Specifically, as relates to the appropriated of this proposed class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Defendants have acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to the Plaintiffs, and the class(es) as a whole. The proposed class members are entitled to injunctive relief to end the Defendants' common, uniform, malicious, and deceptive employee-wage and retaliatory-discharge practices.

13. Further, the proposed class is so numerous that joinder would be impracticable. Although the precise number of members of the proposed class is currently unknown, this number is far greater than can be feasibly addressed through joinder.

14. The class members of the proposed class also share common questions of fact and law. Among these common questions of fact are law are: (1) whether the Defendants' wage and hour policies or practices, as relate to the granting of promised raises for the completion of "field training" by Vivint are deceptive, unlawful, unconscionable, dishonest,

and fraudulent; (2) whether Vivint has engaged in a pattern and practice of wrongly-terminating its employees who raise questions regarding payment of "field training" wage-increases based on a motive of malicious retaliation; and (3) whether monetary damages, injunctive relief, and/or other equitable remedies for the class are warranted.

15. The Plaintiffs, the proposed class representatives, have suffered injuries, and have claims, that are typical of all current and/or former employees (victims) of the deceptive, dishonest, and retaliatory labor practices pleaded in this Complaint.

16. The Plaintiffs, as the proposed class representatives (the Class Plaintiffs), will fairly and adequately represent and protect the interests of the members of the class(es).

## FACTS

17. On or about October 2012, Plaintiff Haile began his employment with Vivint's Jackson, Miss. location as a security-system-installer for that company.

18. According to the terms of his employment with Vivint, Plaintiff Haile would start this employment at an hourly wage of $12.00/per hour.

19. Also, consistent with the nationwide company-policy of Vivint, the various managers who supervised Plaintiff Haile on behalf of Vivint promised Plaintiff Haile (along with every other employee of Vivint at the Jackson, Miss, location of the Defendant) that he would receive a $1.00/per hour raise as soon as he completed his field training with that company.

20. Plaintiff Haile did successfully complete his Vivint field training on or about November 2012.

21.     However, despite being owed, at a minimum, this $1.00/per hour raise from Vivint since November 2012, Vivint did not begin paying Plaintiff Haile the extra $1.00/per hour for his successful completion of Vivint's field training until 1.5 years later, approximately in May 2013.

22.     From the period of November 2012 – when Plaintiff Haile first successfully completed his Vivint field training – until May 2013, Plaintiff Haile continuously asked about, and otherwise demanded, payment of the $1.00/per hour raise that he had been entitled to since November 2012.

23.     Throughout the employment of Plaintiff Haile with Vivint, his managers and supervisors were constantly changing. Plaintiff Haile asked, and otherwise demanded, the $1.00/per hour raise to which he was entitled to each of his supervisors at Vivint.

24.     Finally, in May of 2013, Plaintiff Haile had finally had enough and raised his long-running concerns about the dishonest and deceptive wage-policies (broken promises) at an Mississippi-Vivint meeting attended by all security-systems-installers for that region of Vivint.

25.     During this May 2013 company meeting – attended in-person by: Plaintiff Haile, Plaintiff Blackwell, Marcus (last name currently unknown), Dewain (last name currently unknown), Leslie Nelson, Traumone Patton, three other security-system-installers whose identities are not currently known, Shawn (last name unknown; was District Manager for Vivint in May 2013), and Gary Maisenel – Plaintiff Haile publicly raised the issue of the $1.00/per hour raise that had been promised to all security-system-installers who have successfully completed Vivint field training, but which no one had actually been paid.

26. During this same May 2013 meeting, several other security-system-installers employed by Vivint stated that they suffered from the exact same broken promises regarding wages by Vivint.

27. Shawn (last name unknown; the District Manager of Vivint's Jackson, Miss. region in May 2013), during this meeting, stated that he would "look into the situation."

28. Next, three-to-four days following the above-described meeting, Shawn (the then-District Manager) called Plaintiff Haile and told Plaintiff Haile that: (1) Plaintiff Haile would begin receiving his now-overdue raise of $1.00/per hour beginning immediately; (2) that all back-pay owed by Vivint to Plaintiff Haile for the 1.5 years that he worked without receiving the raise to which he had been entitled this entire time would promptly be paid to Plaintiff Haile; and (3) that all overtime payments made by Vivint to Haile would be re-adjusted to reflect the $13.00/per hour (and **not** $12.00/per hour) base-rate of pay upon which all overtime calculations were based.

29. Then, four weeks later (not immediately), Plaintiff Haile received his first paycheck reflecting the new hourly-wage of $13.00/per hour that had been owed since November 2012.

30. Exactly one-month after Plaintiff Haile finally began receiving the long-overdue hourly base wage of $13.00/per hour, Haile reached out to his former District Manager, Shawn, again to discuss these continuing payment problems with Vivint.

31. During this telephone conversation, when pressed on the back-pay and overtime-adjustments owed to Plaintiff Haile, District Manager, Shawn, gave Haile the

runaround. Finally, District Manager, Shawn, admitted to Haile that Vivint was not willing to pay any back-pay or overtime-adjustments.

32. Without providing any further explanation, (then) District Manager, Shawn, simply stated "we (Vivint) can't do that (pay back-pay and the corrected overtime amounts, as promised)."

33. For the next (approximately) year-and-a-half Plaintiff Haile continuously raised these same complaints and demands with his constantly-changing supervisors at Vivint.

34. For the next (approximately) year-and-a-half Plaintiff Haile continuously was told by Vivint that the situation would be corrected – and that Plaintiff Haile simply needed to be patient and allow the situation to be fixed internally at Vivint.

35. The above representations about correcting Plaintiff Haile's, and the other security-installers' back-pay and overtime wages, from Vivint and its management turned out to be false, deceptive, and either grossly-negligent or malicious.

36. Finally, after continuing to raise his legal demands about these long-running wage-deceptions with Vivint management, Plaintiff Haile, on or about May 6, 2015, received a telephone call from his (then) Manager at Vivint (this person, whose identity is currently unknown, was serving as the "Acting Manager" for the Jackson, Miss., region of Vivint in May 2015, and he worked out of a Vivint office in Alabama). During this peculiar, surprise, telephone call, the Acting District Manager for the Jackson, Miss., region of Vivint told Plaintiff Haile that he needed to meet him early, that morning, at the Hilton hotel located on County Line Road in Jackson, Miss.

37. During this peculiar, surprise, early-morning meeting, the Acting District Manager of Vivint began by making small-talk. Then, moments later, and out of nowhere, this Acting District Manager added: "By the way, we (Vivint) are letting you go."

38. When asked why he was being fired by Vivint, Plaintiff Haile was told by this Acting District Manager the following lie: "Because we (Vivint) were following you, and you didn't show up to your job."

39. The true motive for the (wrongful) termination of Plaintiff Haile was malicious and unlawful retaliation for Haile continuing to push the issues of the owed pack-pay and owed overtime adjustments that Vivint owed to Haile, and to the other security-system-installers at the Jackson, Miss., region of Vivint, and perhaps nationwide.

40. The stated reason for Vivint's (wrongful) termination of Plaintiff constituted a knowing lie on the part of Vivint.

41. Second-named Plaintiff, Blackwell, another former employee of Vivint, suffered from a nearly, if not completely, identical set of facts as Plaintiff Haile at the hands of Vivint.

42. Plaintiff Blackwell, whose exact dates of employment will be illuminated in the discovery process of this litigation, identical to Plaintiff Haile: (1) is owed significant back-pay for the $1.00/per hour raise he was never given for successfully completing Vivint field training; (2) is owed significant overtime-adjustments related to the willful or grossly-negligent failure of Vivint to pay the promised $1.00/per hour raise following Plaintiff Blackwell's successful completion of Vivint field training; and (3) was maliciously and unlawfully terminated, out of retaliation (identical to Plaintiff Haile), for fabricated reasons,

due to Plaintiff Blackwell's insistence that he receive the compensation that Vivint had promised him, but had failed to pay.

43. The Plaintiffs have suffered severe financial damages that were solely and proximately caused by grossly-negligent, dishonest, deceptive, malicious, and/or retaliatory actions pleaded in this Complaint.

(THIS SPACE INTENTIONALLY LEFT BLANK)

## COUNT ONE – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

44. The Plaintiffs incorporate by reference all allegations of all previous paragraphs and further alleges as follows:

45. Vivint has committed systemic, continual, repeated, knowing, intentional, and malicious violations of the FLSA, as amended. In particular, the Vivint has engaged in knowing, and repeated, violations of the FLSA's requirement to pay overtime at 1.5 times the *true base hourly wage* for all hours worked in excess of 40 per week.

46. Vivint's management even went so far as to acknowledge to the Plaintiffs that such overtime-adjustments were legally owed to the Plaintiffs, along with all other security-system-installers working in the Jackson, Miss., region of Vivint.

47. Nonetheless, Vivint knowingly failed to pay these overtime wages that it knew, in fact, were owed to the Plaintiffs, along with many other security-system-installers employed by Vivint.

48. The above wrongful acts have solely and proximately caused the Plaintiffs severe financial damages.

49. BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Plaintiffs, on behalf of themselves and all of those similarly situated, demand that they, as the Class Representatives, be awarded damages in an amount that shall be proved to finder-of-fact at trial. However, these pleaded-damages include, but are not limited to: actual damages, compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and

all other relief that is appropriate under the FLSA, or that the Court finds to be just and equitable under the facts to be proven at trial.

### COUNT TWO – FRAUD

50.     The Plaintiffs incorporate by reference all allegations of all previous paragraphs and further alleges as follows:

51.     Vivint has committed systemic, continual, repeated, knowing, intentional, and malicious misrepresentations of materials facts for the purpose of financial gain against its own security-system-installer employees. In particular, Vivint has engaged in a pattern of deceptive, fraudulent, and dishonest wage-practices related to its knowingly false-promises to give pay-raises to its security-system-installation employees once they complete their field training.

52.     The above wrongful acts have solely and proximately caused the Plaintiffs severe financial damages, and they have caused a financial windfall for Vivint.

53.     BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Plaintiffs, on behalf of themselves and all of those similarly situated, demand that they, as the Class Representatives, be awarded damages in an amount that shall be proved to finder-of-fact at trial. However, these pleaded-damages include, but are not limited to: actual damages, compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and all other relief that the Court finds to be just and equitable under the facts to be proven at trial.

## COUNT THREE – BREACHES OF CONTRACT (EXPRESS WARRANTIES)

54. The Plaintiffs incorporate by reference all allegations of all previous paragraphs and further alleges as follows:

55. Vivint has committed systemic, continual, repeated, knowing, intentional, and malicious misrepresentations of express promises of pay-increases and overtime-adjustments, as pleaded in this Complaint, above. In particular, Vivint has engaged in a pattern of deceptive, fraudulent, and dishonest wage-practices related to its false-promises to give pay-raises to its security-system-installation employees once they complete their field training, as pleaded in this Complaint.

56. The above violations of express contractual terms have solely and proximately caused the Plaintiffs severe financial damages.

57. BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Plaintiffs, on behalf of themselves and all of those similarly situated, demand that they, as the Class Representatives, be awarded damages in an amount that shall be proved to finder-of-fact at trial. However, these pleaded-damages include, but are not limited to: actual damages, compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and all other relief that the Court finds to be just and equitable under the facts to be proven at trial.

## COUNT FOUR – (GROSS) NEGLIGENCE

58. The Plaintiffs incorporate by reference all allegations of all previous paragraphs and further alleges as follows:

59. Vivint has, in a gross, wanton, reckless, and unconscionable manner, violated the standard of care that they owed to the Plaintiffs, when they failed to pay its security-system-installer employees the $1.00/per hour raise that Vivint promised them as of the date of their successful completion, respectively, of Vivint field training, as well as failing to make the promised overtime-adjustments for these employees based upon the higher base-rate(s) of hourly-wages that should have been used as the inputs by Vivint for these overtime-calculations.

60. The above (gross and wanton) violations of the standard of care owed by Vivint to the Plaintiffs have solely and proximately caused the Plaintiffs severe financial damages.

61. BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Plaintiffs, on behalf of themselves and all of those similarly situated, demand that they, as the Class Representatives, be awarded damages in an amount that shall be proved to finder-of-fact at trial. However, these pleaded-damages include, but are not limited to: actual damages, compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and all other relief that the Court finds to be just and equitable under the facts to be proven at trial.

## **COUNT FIVE – WRONGFUL TERMINATION (RETALIATORY DISCHARGE)**

62. The Plaintiffs incorporate by reference all allegations of all previous paragraphs and further alleges as follows:

63. Vivint unlawfully, maliciously, and out of vengeful retaliation for being exposed for its unlawful wage-practices toward its security-system-installers, pleased above in this Complaint, wrongly terminated the Plaintiffs.

64. Further, to whitewash this tortious and wrongful termination, Vivint fabricated knowingly false pretexts to fire the Plaintiffs, along with an unknown number of other similarly-situated security-system-installer employees around the United States.

65. The true reason that the Plaintiffs were fired by Vivint is that they continued to make demands for their legal rights to be paid lawfully under the FLSA, and as promised by Vivint. Such demands bring these Plaintiffs under the *McArn*[1] (and its progency) exceptions to the at-will employment principles under Mississippi state law.

66. BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Plaintiffs, on behalf of themselves and all of those similarly situated, demand that they, as the Class Representatives, be awarded damages in an amount that shall be proved to finder-of-fact at trial. However, these pleaded-damages include, but are not limited to: actual damages, compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and all other relief that the Court finds to be just and equitable under the facts to be proven at trial.

DeMARCUS HAILE and<br>
SHON BLACKWELL, on behalf of themselves and all of those similarly situated<br><br>
By: _____

---

[1] *McArn v. Allied-Bruce Terminex, Inc.*, 626 So. 2d 603 (Miss. 1993).

                                                              Macy D. Hanson
                                                       Attorney for the Plaintiffs

MACY D. HANSON – MS BAR # 104197
macy@macyhanson.com
THE LAW OFFICE OF MACY D. HANSON, PLLC
THE ECHELON CENTER4
102 FIRST CHOICE DRIVE
MADISON, MISSISSIPPI 39110
TELEPHONE: (601) 853-9521
FACSIMILE: (601) 853-9327